UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARMIN AUGSTEIN,

                Plaintiff,

     -against-

ANTHONY RYAN LESLIE,
a/k/a RYAN LESLIE,

                Defendant.
------------------------------------------------------------X

**OPINION & ORDER**

11 Civ. 7512 (HB)

**Hon. HAROLD BAER, JR., District Judge:**

Before the Court is a motion filed by defendant Ryan Leslie ("Defendant") to dismiss this complaint on grounds of *forum non conveniens*. For the following reasons the motion is DENIED.

## I. Factual Background

The relevant facts, as alleged in the Complaint and in the affidavits and declarations submitted by the parties in connection with the current motion, are as follows. Defendant, a New York resident, advertised a $1 million reward for the return of his laptop and other personal property that was stolen in Germany. Armin Augstein ("Plaintiff"), a German resident, found the laptop in Germany, returned it to Defendant in New York, and sought the reward. Defendant refused to pay the reward because the intellectual property for which the Defendant valued the laptop was allegedly not present on the hard drive when it was returned. Plaintiff alleges to have evidence in the United States that the hard drive's memory was erased after Defendant received it from Plaintiff.

## II. Discussion

Defendant moves to dismiss this complaint on grounds of *forum non conveniens* arguing that the action would be more appropriately brought in Germany. *Forum non conveniens* is a discretionary device that allows courts "in rare instances to dismiss a claim even if the court is a permissible venue with proper jurisdiction over the claim." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 100 (2d Cir. 2000) (citation and internal quotation marks omitted). When deciding a motion to dismiss on *forum non conveniens* grounds, courts in this district follow a three step

1

analysis as outlined by the Second Circuit.  A court must: (1) determine the degree of deference properly accorded the plaintiff's choice of forum; (2) consider the adequacy of the alternative forum to adjudicate the parties' dispute; and (3) balance the private and public interests implicated by the choice of forum.  *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005).  The defendant has the burden to show that an adequate alternative forum exists and that the balance of interests strongly weigh toward dismissal in favor of the foreign forum.  *Wiwa*, 226 F.3d at 100.

      **1.  Deference to Plaintiff's Choice of Forum**

With respect to the first prong, a plaintiff's choice of forum is generally entitled to less deference when a foreign plaintiff has sued in a United States forum rather than his home forum.  *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001).  The rationale is that there is less reason to presume that the United States is a convenient forum for a foreign plaintiff as well as a greater likelihood that the plaintiff is motivated by forum-shopping or to pursue some other improper litigation advantage.  *See Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 71 (2d Cir. 2003).  However, the Circuit has cautioned that the reduced weight afforded to a foreign plaintiff's choice of a United States forum is "not an invitation to accord a foreign plaintiff's selection of an American forum *no* deference since dismissal for *forum non conveniens* is the exception rather than the rule."  *Murray v. British Broadcasting Corp.*, 81 F.3d 287, 290 (2d Cir. 1996) (internal citation and quotation marks omitted) (emphasis in original).

Here, although Plaintiff's choice of this Court as its forum is entitled to reduced deference because he is a German citizen, Plaintiff provides sufficient reason to rebut the presumption that forum shopping is the motivating factor.  Plaintiff argues that Defendant resides in and has assets in this district, the personal property in question and communications regarding it were sent to this district, and issues regarding what happened to the hard drive subsequent to its return involve witnesses located in the United States.  Plaintiff's choice of forum appears to have a rational basis other than forum shopping and is therefore entitled to at least some deference.

      **2.  Adequacy of the Alternative Forum**

Next, I must determine whether an alternative forum is available.  "An alternative forum is adequate if: (1) the defendants are subject to service of process there; and (2) the forum permits 'litigation of the subject matter of the dispute.'"  *Alfadda v. Fenn*, 159 F.3d 41, 45 (2d

Cir. 1998) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)).  Defendant has submitted an affidavit stating that he is "amenable to service of process in Germany and consent[s] to be subject to the jurisdiction o[f] the German courts."  11/28/2011 Affidavit of Defendant, Exhibit B to Doherty Affirmation.  Plaintiff concedes that submission to the jurisdiction of the foreign forum generally satisfies this requirement but argues that Defendant has not shown German courts permit litigation of this subject matter.  This latter issue is not fatal to Defendant because if I were to determine that the private and public interests weigh toward dismissal, I could dismiss this case on the condition that Plaintiff may re-file if the German courts do not accept the case for jurisdictional reasons.  *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 214 F. Supp. 2d 396, 401 (S.D.N.Y. 2002) (dismissal conditioned on consent to personal jurisdiction, waiver of statute of limitations, and other conditions).

### 3. Balance of Interests

Finally, I must balance the private and public interests to decide whether the case should be adjudicated in the Plaintiff's chosen forum or the alternative forum proposed by Defendant.  Private interest factors include "'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Iragorri*, 274 F.3d at 73-74 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  In considering these factors with respect to the precise issues that are likely to actually be tried, the court necessarily compares the hardship to the defendant through the retention of jurisdiction and the hardship to the plaintiff from dismissal and the obligation to bring suit in another country." *Id.* at 74.

On balance, the private interest factors favor adjudication in this forum.  Notwithstanding Defendant's attempts to emphasize the events surrounding the theft and recovery of his personal property, all of which occurred in Germany, the central issue here is the Defendant's reason for not paying the reward, that is, that the intellectual property on which the reward was allegedly based was missing upon its return. The key witnesses are here  in the United States and include the individuals who allegedly reformatted the hard drive at Defendant's request.  Additionally, the communications between the parties and reward offer were in English.  Although the Defendant may seek to introduce some evidence arising out of events in Germany, the disputes

over those events appear at this juncture to be less significant that the dispute over what transpired in the United States.

Public interest factors include administrative difficulties associated with court congestion, the burden of jury duty on a community that has no relation to the litigation, the local interest in having localized controversies decided at home, and avoidance of problems involving the application of foreign law. *DiRenzo v. Philip Servs. Corp.*, 294 F.3d 21, 31 (2d Cir. 2002) (citing *Gilbert*, 330 U.S. at 508-09). "When deciding a *forum non conveniens* motion, a court may properly rely on the difficulties attending the resolution of questions of foreign law." *Scottish Air Int'l., Inc. v. British Caledonian Group, PLC*, 81 F.3d 1224, 1234 (2d Cir. 1996). However, courts "must guard against an excessive reluctance to undertake the task of deciding foreign law, a chore federal courts must often perform." *Manu Int'l, S.A. v. Avon Products, Inc.*, 641 F.2d 62, 68 (2d Cir. 1981).

Here, the public interest concerns are less significant and do not favor dismissal. The complaint contains two counts, the first seeking relief under New York law and the second seeking relief under German law. Without entertaining a full choice of law analysis, even assuming this Court were to apply German law, the applicable legal issues do not appear to be so complex as to be unmanageable. Additionally, given that Defendant is a New York resident, there is a local community interest in adjudicating this dispute here despite the fact that the laptop was stolen in Germany.

### III. Conclusion

After considering the parties arguments, dismissal on grounds of *forum non conveniens* is not appropriate here, and Defendant's motion is denied. The Clerk of Court is instructed to close this motion (Dkt. # 6) and remove it from my docket.

SO ORDERED.

New York, New York
January 10, 2012

HAROLD BAER, JR.
**United States District Judge**

4